JOHN WOOD v. THE STATE.

*No. 617. Decided December 20.*

**Slander—Evidence.**—In prosecutions for slander, it is expressly provided by article 646, Penal Code, that the defendant may show the truth of the imputation, etc.   *Held*, that when the imputed slander consisted in a statement as to a specific act of carnal intercourse, it was admissible to prove prior acts of illicit intercourse between the same parties, to show the truth of the imputation, and also to establish that the prosecutrix was not chaste, and therefore not the subject of slander.

APPEAL from the County Court of Henderson.   Tried below before Hon. W. R. DICKERSON, County Judge.

Appellant was indicted for the slander of Mrs. Jennie Harris.   On the trial he was convicted, the punishment assessed being a pecuniary fine of $300, and thirty days imprisonment in the county jail.

The facts are sufficiently stated in the opinion.

*Richardson & Watkins*, for appellant.—The court erred in not allowing defendant to prove other acts of adultery between Wall and Mrs. Harris, by John Magness and Jim Dunn.

In a prosecution for oral slander, other acts of the same kind alleged in the information, between the same parties and of a recent date, are admissible in evidence for the defendant.

The defendant on trial proposed to prove by Jim Dunn and John Magness, both respectable white men, that near the same time proved on the trial, the witnesses Wall and daughter were found having carnal intercourse with each other. On objection of the county attorney, the evidence was excluded by the court, and defendant saved his exception.

Counsel for appellant respectfully submit, that the question here raised has never been decided by the courts of this State. In one or two cases it has been held, that other acts committed with other parties can not be proved, and this seems to be a settled question; but we submit that this is carrying the question fully far enough, and that the rule ought not to be extended to include the same acts with the same parties. The attention of the court is called to the fact, that no certain time or place is made in the complaint or information; none is proven by State witness Perry, the only witness who testified to the declaration by defendant.

The gravamen of the charge is intercourse by the father with his own daughter. If the defendant proves this principal fact, he is entitled to his acquittal. It certainly is not necessary that he should prove that the act was committed on a quilt, or on the floor, nor at a certain time or place; but the fact to prove is the guilty carnal knowledge of a father with his child. Whether this fact be proved by defendant, John Magness, Jim Dunn, or any other party, makes no difference. The court allowed the State to prove by the witness Wall that he did not have intercourse with his daughter on the morning he left for Jacksonville, or at any other time, and the same thing by Jennie Harris, and the State was confined to no time or place. The defendant sought to contradict these statements, and to justify himself by proving by reputable witnesses that at different times and places these parties did carnally know each other.

But if the court should conclude that only one act can be proved at one time and place, and that other acts of the same kind between the same parties do not establish the principal fact charged, then we submit that this character of evidence is admissible to corroborate and sustain the defendant's evidence. The court allowed the State to prove that he was a thief, and the county attorney to appeal to the race prejudice before the jury—to denounce defendant as a " black perjurer," and to argue that he stood alone in his evidence against four white people, and two of them white women. Had the defendant been allowed to prove by Dunn and Magness, or any other reputable witnesses, the guilt of these parties at different times and places, and the jury had believed the same, who would contend that they would have convicted the defendant, or doubted his statements ?

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The indictment charges that appellant said of Mrs. Jennie Harris, that he, defendant, "caught E. W. Wall cracking her on a quilt on the floor." Appellant proposed to prove by John Magness, that he saw Wall and Mrs. Harris sitting on the ground, very close together, in the corner of the fence, about dark; that they were about 30 or 40 yards from Wall's house; that Mrs. Harris placed her hands over her face, and was, or seemed to be, crying. Appellant proposed to prove by James Dunn, that in the fall of 1891 witness, in Perry's pasture, while hunting, walked up on Wall and Mrs. Harris while they were in the act of carnally knowing each other; that "Wall came up to him quick, and excited very badly, and said, 'For God's sake, don't give me away,' and other like expressions." The county attorney objected to the testimony of Magness and Dunn, because irrelevant, and because it did not prove the truth of the specific act charged against defendant. The court sustained the objections, appellant reserving his bills of exceptions.

Were these facts competent evidence in this case? First. If Wall had carnal knowledge of his daughter at the time and place stated by appellant, appellant had the right to prove it. Second. If Mrs. Harris had intercourse with her father, Wall, in Perry's pasture, the fall before, she ceased to be a chaste woman, and was, therefore, not the subject of slander, unless she had reformed; and the burden of proving reformation would, in such a case, rest with the State. If, indeed, she had connection with Wall in Perry's pasture, as was proposed to be proved by Dunn, this would have been a most powerful fact tending to prove that she had so conducted herself with Wall at the time and place stated by defendant. In Rex v. Hodgson, Russ. & R., 211, these rules are stated: (1) That the accused could not prove that the prosecutrix had had intercourse with other men; (2) but that he could prove that she had had intercourse with himself. All the authorities support the second proposition. Now, then, if such proof can be made in rape cases, with equal reason can it be made in the case in hand; the reason being, that having intercourse with her father a few months before the time stated by defendant, the probable presumption is that she repeated the act. This is a reasonable and rational presumption. We are of opinion that the court erred in rejecting the proposed evidence of Magness and Dunn. We would remark, that if a judgment should in any case be reversed because the State's counsel led her witnesses, this is the case. We suggest that this practice on another trial be not repeated.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.