## LUNDY CARTER V. THE STATE.

No. 9533. Delivered Nov. 18, 1925.

Rehearing denied Jan. 13, 1926.

**1.—Manufacturing Intoxicating Liquor—Charge of Court—Held Correct.**

Where on a trial for manufacturing intoxicating liquor, the court having affirmatively submitted appellant's defense that the liquor was manufactured by him for medicinal purposes in an appropriate instruction, there was no error in submitting in the next paragraph that the burden of proof was on the state, except that the burden of proving that the manufacture of intoxicating liquor was for medicinal purposes, was upon the defendant. Following Torres v. State, 272 S. W. 461, and other cases cited.

**2.—Same—Misconduct of Jury—Discussing Appellant's Failure to Testify.**

Where on a motion for a new trial appellant sets up the misconduct of the jury in discussing his failure to testify on the trial, and after hearing evidence on the issue, the trial court finds that misconduct is not shown, we cannot say that the trial court abused his discretion under the facts disclosed by this record. Following Probest v. State, 133 S. W. 263, and other cases cited.

**3.—Same—Juror—Disqualification of—Not Sufficiently Shown.**

Where in a motion for a new trial appellant presents as a ground for same that one of the jurors who tried him was an insane person, and had been so adjudged, and after hearing evidence on that issue, the trial court held that said juror was not insane, as the record is presented to us we are not authorized to say that the court abused his discretion in refusing to grant a new trial on account of this matter.

#### ON REHEARING.

**4.—Same—Failure of Defendant to Testify—Referred to by Jury—Rule Stated.**

Where the misconduct of the jury in referring to defendant's failure to testify is set out as a ground for a new trial, a mere casual reference to such failure that does not appear to have influenced the verdict, will not demand a reversal of the case.  The rule is now stated to be that the case will not be reversed for such complaint, unless the record makes it reasonably appear that what was said in this regard shows that such failure was taken as a circumstance against the accused.  Following Mason v. State, 81 S. W. 718, and other cases cited.  Also see Art. 790, Vernon's C. C. P.

Appeal from the District Court of Hopkins County.  Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Dial & Brinn,* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Hopkins County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

The evidence is amply sufficient to support the verdict.

Appellant complains at the action of the court in charging on the burden of proof, in that the court charged that the burden was on the State except that the burden of proving that the manufacture of intoxicating liquor for medicinal purposes is upon the defendant.  The exact question here presented was decided adversely to the appellant's contention in the case of Torres v. State, 272 S. W. 461.  We quote the following from the opinion in that case: "In the latter part of paragraph 3, the court told the jury that the burden was on the appellant to show that the transportation of the liquor was for medicinal purposes.  If this charge had been left standing alone, we think it would have been subject to the objection directed at it, but immediately preceding it in the same paragraph the jury had been told that it was not unlawful to transport intoxicating liquor for medicinal purposes, and, if they believed appellant transported the liquor for such purpose, or, if they had a reasonable doubt thereof, they should acquit.  Taking the entire paragraph, we think it not objectionable.  Clevenger v. State, 96 Tex. Crim. Rep. 23, 255 S. W. 622; Jones v. State, 96 Tex. Crim. Rep. 332, 257 S. W.

895; Johnson v. State (Tex. Crim. App.) 266 S. W. 155, and authorities cited."

In the instant case just preceding the charge complained of the court instructed the jury that if they believed from the evidence that the defendant Lundy Carter did manufacture intoxicating liquor at the time and place alleged, yet if they further believed that he manufactured the same for medicinal purposes, that is for use as a medicine for his wife for the relief of physical ailments, or if they had a reasonable doubt as to whether his purpose in manufacturing such liquor was for medicinal use, to acquit him. Under the authority of the Torres case, supra, we hold that no reversible error is shown by reason of the giving of the charge complained of.

Appellant also complains at the action of the court in overruling his motion for a new trial based upon the allegation that the jury commented upon and considered appellant's failure to testify. The facts concerning this matter are sharply contested and we are not in a position to hold that they show any more than a mere passing reference to said failure to testify, if indeed they are sufficient for this purpose. The appellant received the lowest penalty and we cannot say that the trial court abused its discretion under the facts disclosed by this record in refusing a new trial. Probest v. State, 133 S. W. 263; Powers v. State, 154 S. W. 1020; Espinoza v. State, 165 S. W. 208; Gutierrez v. State, 272 S. W. 780.

Appellant also complains at the court's action in overruling his motion for a new trial because one of the jurors had been duly adjudged a lunatic and had been confined in the insane asylum at Terrell, and had never been discharged therefrom, and it is claimed that appellant and his attorneys did not learn of this fact until after the trial. Art. 692, Vernon's C. C. P. Sect. 5, gives as one ground for a challenge for cause the fact that the juror is insane. Art. 693 Vernon's C. C. P. provides that other evidence may be heard in support of or against a challenge for cause than the answers of the juror. Art. 697 provides that the court is the judge of the qualification of the juror. In this instance no challenge was made for the reason that the appellant was unaware that the juror had been adjudged insane until after the trial. It was a question of fact for the court to decide as to whether or not the juror was insane and the judgment of the court adjudged him so was not conclusive. He may have recovered therefrom and been of normal mind, and in order to show that he had re-

covered it was not necessary to show that he had not been legally discharged from the asylum. Evidence was heard upon this issue and the same was conflicting. The evidence for the State was amply sufficient if believed to show that the juror was of sound mind. Under this condition of the record, we are not authorized to say that the court abused his discretion in refusing to grant a new trial on account of this matter.

Finding no error in the record, it is our opinion that the judgment of the trial court should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Refusal of new trial sought for misconduct of the jury was denied by the trial court, and we upheld his action. This is the only complaint against our opinion in the motion for rehearing.

Upon presentation of the motion for new trial the court heard the testimony of eleven jurors who sat in the case. The issue made was that appellant's failure to testify was discussed in the jury room. We have carefully examined the testimony of each witness. Most of them indicated that at some of the frequent readings of the court's charge while the jury was deliberating, and at the reading of that portion thereof which referred to appellant's failure to testify, it was said by some juror, but no one seemed to know which one, that he wondered why appellant did not testify, that they would have understood his case better. No witness stated facts which rendered at all probable the fact that such failure to testify was taken as a circumstance against appellant. Art. 790 Vernon's C. C. P. says: "The failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall same be alluded to or commented on by counsel in the cause." While expressions capable of a different construction may be found in some of the opinions, the general rule deduced from those cases where the subject has been carefully considered, is that the case will not be reversed for such complaint unless the record makes it reasonably appear that what was said in this regard shows that

such failure was taken as a circumstance against the accused. In Mason v. State, 81 S. W. Rep. 718, a juror said: "Why didn't George Mason take the stand in his own behalf?" This fact was sworn to by several, but it was in evidence that another juror said: "Cut that out," and there was no further discussion. This was held no ground for reversal. In Jenkins v. State, 49 Tex. Crim. Rep. 457, a juror said: "Why didn't the old man get on the stand?" to which some one replied, "We are not to consider that." This statement appears in the opinion:

"As we understand, the consensus of the testimony showed, that in connection with the reading of the charge with reference to defendant's right to testify, the remark or inquiry was made, why didn't defendant testify? And there was an immediate reply to the effect that that matter was not to be discussed or considered by the jury."

This is substantially what was before the court in the instant case. Appellant cites several cases in his motion, but Glenn v. State, 229 S. W. Rep. 521; Kelly v. State, 252 S. W. Rep. 1065; Hennington v. State, 271 S. W. Rep. 624, and Franks v. State, 272 S. W. Rep. 451, upon careful reading, will be found to support the statement that it must appear that what was said in the jury room was hurtful, or was taken as a circumstance against the accused. The Walling case, 128 S. W. Rep. 624, was reversed for other reasons, and its conclusions in this regard appear out of line. See Smith v. State, 52 Tex. Crim. Rep. 344, wherein we said:

"We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried acording to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case. It is possible that there is some language in some of the decisions not wholly in accord with the views here expressed, but on full consideration this is believed to be the correct rule, and tested by this rule we believe appellant is without just ground of complaint."

This is in accord with our conclusion.

The motion for rehearing will be overruled.

*Overruled.*