WEBB et al. v. STATE. (No. 11567.)

Court of Criminal Appeals of Texas. Oct. 10, 1928.

MORROW, P. J. The application is but a reiteration of the position heretofore assumed and urged by the appellants.

■ Berry was robbed of $500. Three men participated in the robbery. Goforth was one of them. This was proved by the testimony of Berry, who knew and recognized Goforth, and also confessed by Goforth in his testimony given upon the trial of Webb and Menick. Goforth had worked for Berry, and knew that Berry was in the habit of carrying money upon his person. According to Goforth, the robbery was planned at the home of Mrs. Snyder some three weeks before the offense was committed, at which time both Webb and Menick entered into the agreement with Goforth to commit the offense. Mrs. Snyder, according to her testimony, heard this conversation. According to Goforth, some two or three weeks later the parties again met at the house of Mrs. Snyder and from there went in an automobile to a point near where the robbery was committed. Mrs. Snyder testified that she heard but little of the conversation that took place between them, but declared in her testimony that on the night the robbery took place they were at her house and left there about 11 or 11:30 o'clock. According to Berry, the robbery took place about midnight. Such also was the testimony of the accomplice Goforth. There were other circumstances mentioned in the original opinion, but the above are deemed the most important. It is the opinion of this court that the corroboration of Goforth to the point that Webb and Menick were coactors in the offense and were present at the time when it was committed is sufficient. In such a case the law does not demand that there be direct evidence, aside from that of the accomplice, of the fact that the coprincipals were present at the time the offense was committed. The demand of the statute goes no further than to require that there be introduced evidence before the jury coming from sources other than the accomplice which *tends* to connect the accused on trial with the commission of the offense. See C. C. P. 1925, art. 718; also authorities collated in Vernon's Tex. C. C. P. 1925, vol. 2, p. 785, subd. 15. When, as in the present case, the accomplice gives evidence which, if true, shows the guilt of his coprincipals and is corroborated in material matters tending directly and immediately, and not merely remotely, to connect the accused with the commission of the offense, the law's demand is satisfied. The fact, coming from other sources than the accomplice, that the offense was committed by three persons upon a certain night at a certain hour, that one of the persons was recognized at the time and was proven by testimony other than that of the accomplice to have been associates of the recognized offender and to have been present at a time not remote at a conference in which the three took part in which the robbery was planned to take place in a manner coinciding with that which subsequently happened, and where, from an independent source it is shown that upon the night of the offense the three were again together engaged in a conversation indicating the preparation to carry out their previously formed plan, and where, within less than an hour thereafter, the offense is committed, the jury under an appropriate charge having determined that the corroboration was sufficient, this court would have no authority to declare the contrary.

■ We cannot refrain from adding that the apparently growing practice of filing second motions for rehearing, where they present no question other than that which has been twice passed upon, places an undue, unnecessary, and unprofitable burden upon the court, and it is hoped that the members of the bar will refrain from attempting second motions for rehearing except it be upon rare and extraordinary occasions in which the point can be made that some fact or principle of law has been overlooked. Except in such instances the court will find itself obliged to ignore the motions. There is no statutory law which sanctions a second motion for rehearing. On very rare occasions has one been granted during the term of court at which it was rendered. Where the motion but reiterates the contentions made and squarely met in the court's opinion upon the original hearing and upon rehearing, the mere difference of opinion between counsel for the appellant and members of the court touching the correctness of the legal propositions stated does not justify the practice mentioned. This court, like all other courts of record, has authority to change its judgment during the term at which its opinion is announced, and, when there is statutory authority for filing a motion for rehearing within a limited time after adjournment, its right to change the judgment at the succeeding term must be recognized. In instances like the present, however, where the court during the term has, on a motion for rehearing, confirmed its previous ruling, the power of the court to change its judgment upon motion filed after the end of the term is open to serious question.

The request to file a second motion for rehearing is refused.