HORACE BRIGGS v. THE STATE.

No. 12433. Delivered March 27, 1929.
Rehearing denied May 8, 1929.

The opinion states the case.

*P. P. Long* and *B. W. Baker* of Carthage, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, cattle theft; penalty, two years in the penitentiary.

Ellis Briggs and G. W. Briggs were brothers and owned adjoining ranches, separated from each other by a wire fence. Appellant was the son of G. W. Briggs. Ellis Briggs missed two head of cattle. A search being instituted, their hides were found and identified by him in the town of Marshall. They were shown to have been brought into Marshall and sold by two cattle buyers. The testimony further shows that these cattle buyers purchased the two head of cattle from G. W. Briggs or appellant. Appellant is shown to have delivered the two head and to have received the proceeds from the sale in the absence of his father. It seems to have been the State's theory that appellant, either alone or in conjunction with his father, took the two head of cattle. It was the appellant's theory that he was working as an ordinary ranch hand for his father and that he delivered the cattle, assisted in butchering them and received the proceeds at the instance of and for his father. The two head of cattle were shown to have been originally in the mark of Ellis Briggs and the mark was shown to have been freshly altered. It is further shown that appellant was familiar with the cattle mark of his uncle.

The appellant filed the following exception to the Court's charge:

"The defendant objects to said charge for its failure to instruct the jury that in the event defendant did not take the cattle with intent to appropriate it to his own use, but did same for G. W. Briggs and G. W. Briggs received the proceeds he would not be guilty."

The Court refused to amend his charge in the respect pointed out in said objection, to which the appellant excepted and the point is presented here as error.

The proposition of law embraced in this objection is not sound, under the facts of this case. Appellant would be guilty if he took the cattle in question for G. W. Briggs, knowing the fraudulent intent of G. W. Briggs, regardless of who received the proceeds. If appellant participated with G. W. Briggs or at his instance in the unlawful taking of the cattle, knowing the fraudulent intent of his co-actor or employer, this satisfies the demands of the law and makes him guilty. Arts. 65 and 66, P. C.; Anderson v. State, 8 Tex. Crim. App. 542; Gentry v. State, 24 Tex. Crim. App. 478. The entire defense rested apparently upon the question of the identity of the animals in dispute. Appellant's father testified that he had raised the two head of cattle. Appellant's uncle positively identified the two as his own. The testimony apparently raised the defensive issue that appellant was the innocent agent of his father in the taking. The law of innocent agent is discussed rather exhaustively in the following cases: Sikes v. State, 28 S. W. 688; Knowles v. State, 27 Tex. Crim. Rep. 503. Appellant could not know of his father's fraudulent intent when he took the cattle and at the same time be his innocent agent. Whether he was such seems to turn mainly on his knowledge of the identity of the cattle in question. Appropriately submitting this, the Court authorized an acquittal if the jury believed the cattle in question were in fact the property of appellant's father or if appellant believed they were his father's cattle or if the jury entertained a reasonable doubt as to either of these propositions. This sufficiently charged appellant's defense as against the exception urged. Lawrence et al. v. State, 30 S. W. 668; Heskey v. State, 18 Tex. Crim. App. 275; High v. State, 24 S. W. 284.

The State introduced a conversation between Ellis Briggs and the appellant to the effect that appellant promised to pay for the cattle. No one was present at this conversation except the two. Exception was properly reserved to the following argument of the District Attorney to the jury:

"Gentlemen of the jury, it is not denied by any one that the defendant told Ellis Briggs that the cattle belonged to Ellis Briggs, and that he would pay for same."

It is claimed that this was a reference to the appellant's failure to testify. This bill is qualified by the Court as follows:

"The language the District Attorney used, as the court remembers it, was: 'That Ellis Briggs testified before the Jury and that the defendant told him, Ellis Briggs, that he would pay him for the cattle and that Ellis Briggs stands before this Court unimpeached.'"

There was no exception or objection to this qualification and in our opinion the bill as qualified presents no error.

The jury returned into open court the following verdict:

"We the jury, find the defendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for a term of two years. J. T. Bozeman, Foreman."

On the same piece of paper the jury wrote a request to the Court as follows:

"Furthermore, we the jury ask the Judge to reduce sentence to one year if he can. J. T. Bozeman, Foreman."

Whereupon the Court refused to receive the verdict and tore off the recommendation and polled the jury, asking each one if the verdict of guilty assessing a penalty of two years was his verdict and received an affirmative reply from each one of them, whereupon the verdict without the request was filed, to which the appellant excepted.

It will be observed that the request was only to reduce the sentence to one year if the Court could do so. We think this was such an informality as the Court might correct, especially with the unanimous consent of all the jurors. Art. 696, Vernon's C. C. P. (1925), and authorities there cited; Allison v. State, 98 Tex. Crim. Rep. 56; Scott v. State, 97 Tex. Crim. Rep. 105.

On motion for new trial appellant alleged misconduct of the jury, showing by ex parte affidavits filed with said motion that some of the jurors had mentioned the appellant's failure to testify, as well as the fact that appellant was under other indictments. Upon a hearing on this motion all the jurors testified before the Court. We think the conclusion finds support in the evidence of these jurors that there was only a bare allusion in the jury room to appellant's failure to testify, which was immediately suppressed and that a reference to the former indictment was only a casual mention

and that the record as a whole is such that this Court may fairly and reasonably conclude in the light of all the circumstances that same did not prejudice the appellant's case. The evidence at least was conflicting and the decision of the trial judge in overruling the motion for new trial and by such action finding against appellant's contention will be upheld in this Court, as there is sufficient evidence to justify his action. For authorities on these various propositions see: Shaw v. State, 32 Tex. Crim. Rep. 155; Adams v. State, 48 Tex. Crim. Rep. 452; Branch's P. C., Sec. 574; Leslie v. State, 49 S. W. 73; Parrish v. State, 48 Tex. Crim. Rep. 347; Smith v. State, 52 Tex. Crim. Rep. 344; Arnwine v. State, 54 Tex. Crim. Rep. 213; Branch's P. C., Sec. 570.

We are of the opinion that the facts of this case bring it within the rule laid down by Judge Ramsey in Smith v. State, 52 Tex. Crim. Rep. 344, cited above.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—It is insisted that the jury should have been instructed affirmatively that if the appellant was employed by G. W. Briggs to gather and butcher the cattle and that G. W. Briggs received the proceeds and that the appellant had no guilty connection with the transaction he should be acquitted, and refers to the case of Morton v. State, 14 S. W. (2d) 852. In that case it is specifically stated that the language used by the court referred to the substance and not to the form of the instruction that should be given to the jury. The record in the case mentioned reveals that Morton (the accused) testified in his own behalf and presented affirmatively his defensive theory, namely, that his connection with the animal, the theft of which was the subject of the prosecution, was that of an innocent agent and was without knowledge that the animal was stolen or of any circumstance affecting him with such knowledge. Morton also, by a specific objection, called attention to the failure of the court to instruct the jury upon the defensive theory mentioned. In the present instance, in the paragraph of the charge of the court covering the phase of the case under discussion, the jury was told that if the appellant, in

assisting G. W. Briggs in the disposition of the cattle, believed that they belonged to the said G. W. Briggs, or if upon that subject there was a reasonable doubt in the minds of the jury, there should be an acquittal. The only attack upon the paragraph of the charge is that quoted in the original opinion, wherein the proposition was announced that if the appellant acted without intent to appropriate the cattle to his own use he would not be guilty. The unsoundness of the proposition is manifest, unless coupled with the instruction that he acted without knowledge or notice of the fact that the cattle were stolen. There is no exception to the paragraph of the charge which would direct the mind of the trial court to the criticism now advanced upon appeal, namely, that the paragraph inadequately presented the appellant's theory. The obvious distinction between the present appeal and that passed upon in Morton's case, supra, arises from the facts as well as from the procedure. This was a case of circumstantial evidence and was so submitted to the jury. The appellant's connection with the stolen animal was proved by direct testimony. He did not testify and explain his connection, but the circumstances detailed were sufficient to support the finding of the jury that the appellant's relation to the stolen cattle was not an innocent but a guilty one.

The motion is overruled.

*Overruled.*