W. S. Scrivnor v. The State.

No. 14744.   Delivered March 23, 1932.
Rehearing Denied May 18, 1932.
Second Rehearing Denied June 1, 1932.
Reported in 50 S. W. (2d) 329.

566

The opinion states the case.

*Hughes & Monroe,* of Dallas, and *Kenyon & Gernsbacher,* of Galveston for appellant.

*Ralph Crawford,* of Galveston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, ten years in the penitentiary.

We find in the record only four bills of exception, the first of which was taken to the court's refusal of a new trial, sought because of alleged

misconduct of the jury. The motion was supported by the affidavits of two jurors. The state's traverse of this motion appears to be supported by the affidavits of the remainder of the jury, and upon the hearing of the motion all of the jurors appeared and gave oral testimony. This bill of exception covers practically 150 pages of the transcript. Manifestly it would not be practicable for us to set out the testimony heard or any considerable part of it. In his order overruling the motion the trial court set out at length his reasons for concluding that there was no such misconduct of the jury as called for a new trial; that the reference by a member of the jury to the failure of appellant to testify was made by a juror favorable to appellant, and that at once the matter was stopped without discussion; that facts outside the record, alleged to have been discussed in the jury room, were shown by a preponderance of the testimony not to have been discussed, or if at all such discussion was only after the verdict was reached and the penalty agreed upon. Each of the matters set up in the motion as ground for a new trial was specifically referred to and adjudicated in the finding of facts on the part of the trial court, which appears as part of his order declining to grant a new trial,—as we understand the record,—and the court's adverse conclusion thereon is announced. Upon some of these matters the testimony heard was not in harmony, but in our opinion, after a study of such facts, the conclusion of the court was in each instance supported. When there is direct conflict of evidence in such matters, the decision is for the trial court, and we uphold his findings unless same appears so against the weight of the testimony as to manifest an abuse of his discretion. The state in its brief, and appellant likewise, have called attention to various matters said and done in the jury room, all of which have been considered, and the law governing which appears so well settled as not to call for review of the particular cases cited by either party.

We see nothing in either bill of exception 2 or 3 as qualified by the trial court. The optical experiment, not backed by testimony nor shown to be applicable to facts before the jury, was properly rejected. The witness McDaniel having admitted that following four convictions for forgery he was given nine years in the penitentiary, at which place he met appellant, we do not see how the question as to the return of similar indictments at or prior to those for which he was convicted, could have so affected the result of this trial as to call for reversal. The court below offered to allow appellant's counsel to make such inquiry as he saw fit regarding indictments returned during the ten-year period preceding this trial, and also to permit appellant to prove any conviction of said witness for felonies regardless of the date of such conviction. Appellant did not see fit to avail himself of this permission.

The offense charged was robbery of Chester Griffin who was the employee of a bank, and according to the testimony supported by witnesses

before the jury, appellant was a principal offender in said bank robbery at Texas City. We see no benefit to come from setting out the testimony at any length.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The motion for new trial assailed the verdict on alleged misconduct of the jury in many particulars. The trial judge heard evidence of all the jurors regarding the matter, and in his order overruling the motion incorporated his finding of fact relative to each claim of misconduct. These findings are made a part of the qualification to the bill of exception reserved to the action of the court in overruling the motion. In his motion for rehearing appellant complains of our original opinion in sustaining the trial court in two particulars on the issue of misconduct of the jury, one being on the claim that the jury discussed appellant's failure to testify, and the other on the claim that the jury discussed the prior conviction of the codefendant Martin, and the punishment assessed against him.

The finding of the court on the first issue mentioned is as follows: "The Court believes and so finds that reference to the defendant's failure to testify in this cause was not made in the manner as alleged in defendant's motion or its supporting affidavits, but that only a casual reference was made to the defendant's failure to testify; that such reference was as follows and occurred in the following manner: That the juror Hudnall while the jury stood 10 to 2 for conviction, stated to the jurors contending for conviction as follows: 'Why didn't Crawford (County Attorney) put the defendant on the witness stand?' That the juror Matson replied, 'The State can not put the defendant on the witness stand.' Hudnall then stated, 'Well, they questioned his wife,' to which statement Matson replied, 'But the defendant placed his wife on the witness stand.' At this juncture the foreman of the jury, W. H. Janssen, stopped the discussion and read that portion of the court's charge to the effect that the defendant did not have to take the witness stand and that his failure to do so should not be taken as a circumstance against him and that the jury should not allude to the defendant's failure to take the witness stand, and instructed the jury that they must not discuss the matter or consider the matter further; that the reference and discussion ended there and was not again referred to. The examination of the jurors convinces me that the juror Hudnall alone referred to the defendant's failure to testify, as above stated, and that he was promptly stopped and rebuked by the foreman."

The finding of the court upon the second issue mentioned is as follows: "The Court also believes and finds as a fact that no statement

was made by the Juror Janssen, Anderson or any other juror in the jury room or at any other time during the progress of the trial that Johnny Martin had been with Scrivnor in the bank robbery at Texas City and was his partner and had been given 35 years in the Texas penitentiary and that the defendant Scrivnor should be given at least as much as his partner, Johnny Martin."

The court further says upon this point in qualifying the bill of exception that it was: "* * * repeatedly brought out in the testimony of many witnesses, particularly Miss Legge and Chester Griffin, that Johnny Martin was the man who participated in the bank robbery along with the defendant Scrivnor, and that he had been tried for said offense. There was no evidence that Martin was convicted, or what his punishment was."

The rule regarding the effect of a finding of the trial judge upon the issue of alleged misconduct of the jury has been stated in various ways. What we regard as a succinct and correct statement of it is found in section 574, Branch's Ann. Tex. P. C., and is as follows: "Where the alleged misconduct was made the subject of diligent investigation by and under the direction of the trial judge and settled in behalf of the State upon conflicting evidence, the decision of the judge will be given as much consideration on appeal as would be given to the verdict of a jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge his decision thereon will not be disturbed on appeal unless clearly wrong." Many cases are cited by Mr. Branch in support of the text. In Manley v. State, 92 Texas Crim. Rep., 537, 244 S. W., 533, many other cases to the same effect will be found collated. Of course, if the finding of the trial judge was in the face of the evidence heard, or was clearly wrong, it would be the duty of this court to revise it upon appeal. The motion for rehearing has made it necessary for the court to painstakingly examine the evidence of each juror heard upon the issue of misconduct. This evidence is incorporated in a bill of exception which covers 147 pages of the transcript. Included in the bill is the amended motion for new trial with the affidavits of some jurors in support thereof, the answer of the state with the controverting affidavits of jurors attached to it, and the oral evidence of the jurors heard by the court upon the motion. It is clear that the jury did not reach a verdict until about nine o'clock on Sunday night. The verdict was not returned into the court until Monday morning. After the verdict had been agreed upon both as to guilt and punishment, and had been prepared by the foreman, signed by him, and placed in his pocket, the jurors both on Sunday night and Monday morning engaged in some general discussion with reference to the case, and at that time reference was made to the codefendant Martin having theretofore been tried and having received a punishment of 35 years in the penitentiary, and some juror said appellant ought to feel singularly fortunate in the fact that he did not get as much as

Martin; but this occurred after the verdict had been agreed upon. We are convinced from a careful reading of every line of evidence heard upon the issue of misconduct of the jury that the trial judge is sustained in his. finding upon both of the issues presented in the motion for rehearing, and that no error is presented.

We desire to commend the learned trial judge for the manner in which the record comes to this court. His finding upon the issues of fact with reference to the alleged misconduct of the jury have been extremely helpful and have saved this court much labor which would otherwise have been required in analyzing the mass of testimony without a definite statement from the court as to his finding upon the particular issues.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In this case, the opinion on motion for rehearing makes evident that in the judgment of this court, after an examination in every detail of the evidence heard in the trial court upon the motion for new trial, that as to the misconduct of the jury the evidence was conflicting. In the present motion, this is apparently conceded, counsel stating that on the question involved the jury men in their testimony were divided six to five.

The position of the appellant's counsel is thus quoted from the motion: "We submit that we are not contravening the provisions of Branch's Ann. Tex. P. C., section 574, in asking this Court to grant a motion for rehearing for the reason that it is apparent that the decision of the trial judge in holding as above set forth was clearly wrong in the face of the evidence, and we believe that this Court will so conclude upon a careful investigation of the evidence of the jurors as cited above."

Touching the subject, the following quotation from the recent case of Day v. State, 120 Texas Crim. Rep., 17, 48 S. W. (2d) 266, and supported by the long list of precedents cited, is taken:

"In cases where, as in the present instance, the evidence heard on the motion for new trial is conflicting as to the existence of the fact or circumstance upon which the claim of misconduct of the jury is founded, the decision of the trial judge is conclusive upon this court unless from the record it is apparent that the trial judge was clearly wrong. Such is the rule that has prevailed since the beginning of our jurisprudence. Obviously, there is no other guide when the matter comes before the appellate court. The finding of the judge on conflicting evidence is analogous to the verdict of the jury upon the testimony. In each instance the result is binding on the court unless its unsoundness is demonstrated by the record."

The original opinion and the opinion on motion for rehearing delivered by this court demonstrate that the action of the trial court in deny-

ing the motion for new trial was not clearly wrong but was supported by approved principles of practice of long standing.

Aside, however, from the discussion heretofore made, the affirmance of the judgment is justified for another reason which has often been asserted, the soundness of which has not been seriously questioned and which is deemed applicable to the present appeal. A statement of it is made in the opinion of this court written by Judge Ramsey in the case of Smith v. State, 52 Texas Crim. Rep., 344, see page 351, 106 S. W., 1161, 1165, from which the following quotation is taken: "We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried according to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case. It is possible that there is some language in some of the decisions not wholly in accord with the views here expressed, but, on full consideration, this is believed to be the correct rule, and tested by this rule we believe appellant is without just ground of complaint."

The sanction of this rule has been given by this court in many cases, among them the following: Fox v. State, 53 Texas Crim. Rep., 150, 109 S. W., 370; Hallmark v. State, 89 Texas Crim. Rep., 257, 230 S. W., 697; Smith v. State, 52 Texas Crim. Rep., 344, 106 S. W., 1161; Wells v. State, 111 Texas Crim. Rep., 21, 10 S. W. (2d) 991; Ross v. State, 98 Texas Crim. Rep., 567, 267 S. W., 499; Carter v. State, 102 Texas Crim. Rep., 517, 278 S. W., 840; Meador v. State, 113 Texas Crim. Rep., 357, 23 S. W. (2d) 382; Briggs v. State, 112 Texas Crim. Rep., 343, 16 S. W. (2d) 1074; Helms v. State, 112 Texas Crim. Rep., 203, 17 S. W. (2d) 813.

There being no vice in the procedure and no question touching the sufficiency of the evidence to establish the guilt of the accused, the penalty assessed against the appellant upon the present trial seems incompatible with the contention that in assessing the penalty of ten years' confinement in the penitentiary the jurors were influenced, or the appellant was prejudiced, by the reference to the penalty assessed in his previous trial or by that of Martin, his coprincipal.

We take occasion to again call attention of counsel for appellant and of the Bar generally to the remarks made in the case of Webb v. State, 110 Texas Crim. Rep., 503, 7 S. W. (2d) 562, 9 S. W. (2d) 335, with reference to second motions for rehearing.

The application to file a second motion for rehearing is denied.

*Denied.*