## TELL BARTLETT V. THE STATE.

No. 15636. Delivered March 22, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 157.

The opinion states the case.

*Otis Rogers* and *Simpson & Brewster,* all of Fort Worth, and *Eugene Miller,* of Weatherford, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to rape is the offense; penalty assessed at confinement in the penitentiary for two years.

A recital of the facts in detail is not deemed necessary or desirable; suffice it to say that the prosecutrix and other witnesses gave testimony which was not controverted and which, if true, make manifest that appellant made an assault upon the prosecutrix, the nature of which fully meets the measure of the law defining the offense of assault with intent to rape.

The appellant did not testify in his own behalf, nor did he introduce evidence controverting the state's testimony to the effect that the assault was made. However, he introduced testimony challenging the reputation of the prosecutrix for virtue and chastity, but upon that subject the evidence is conflicting.

There are several counts in the indictment. The count in which it is charged that the appellant "did then and there unlawfully in and upon Mildred Moore, a woman, make an assault with the intent then and there by force and without her consent to ravish and have carnal knowledge of the said Mildred Moore," is the one upon which the verdict is based.

A number of exceptions were addressed to the charge, but our examination of the charge leads us to conclude that the complaints of it are not tenable.

Bill No. 2 deals with the motion for new trial and presents the principal legal question involved.

By averment appellant attacks the verdict upon several grounds, claiming transgression of the provisions embraced in article 753, C. C. P., 1925, relating to misconduct of the jury. The contention that there was other evidence received by the

jury rests upon the claim that juror Blackstock, during the deliberation of the jury, said: "I know something. * * * If it had not been for certain deputies this man would not have been here on trial."

According to some of the jurors, Blackstock uttered the expression quoted above, while others claimed that he went no further than to say that "he knew something," whereupon he was admonished to refrain from relating it. However, the jurors were at two tables during their deliberations, and some of them may have heard the remarks while others did not do so. The evidence is conflicting as to whether Blackstock made the remarks and if made, whether before or after the verdict had been agreed upon.

Appellant also claims that in their deliberations the conduct of the jurors was violative of article 710, C. C. P., in which it is said: "* * * but the failure of any defendant to so testify shall not be taken as a circumstance against him."

The appellant's contention is founded upon the fact shown in the hearing of the motion for new trial that some of the jurors alluded to his failure to testify in his own behalf. Upon that subject, it is manifest that the evidence on the motion for new trial went no further than to show that there were allusions to the fact that the appellant failed to testify in his own behalf, but the discussion of the matter did not reach the point where it showed that the jury considered his silence as a circumstance against him. The remarks made by the jurors upon that subject, and the prompt admonition by the foreman and other members of the jury that the subject was forbidden by the charge of the court, bring the contention within the purview of many cases in which it has been held that the bare allusion to the failure of the defendant to testify was not violative of the statue. See Smith v. State, 52 Texas Crim. Rep., 344, p. 351.

On the conflict of evidence touching the remarks of Blackstock, as to what he said, as to whether he said anything, and as to when it was said, the action of the trial court upon hearing evidence of each of the jurors who testified, both on direct and cross-examination, in deciding that the remarks did not constitute a violation of the statute and were not harmful to the accused, is binding upon this court on appeal in the absence of an abuse of discretion by the trial judge. The principle governing is announced in many cases, among them the following: Kelly v. State, 95 Texas Crim. Rep., 138; Scrivnor v. State, 50 S. W. (2d) 329.

The evidence brought forward upon the motion for new trial is not deemed sufficient, either in its scope or its detail, to

demonstrate that Blackstock was a disqualified juror. The inquiry before the trial court fails to disclose the voir dire examination of Blackstock or its nature, if such examination was made. The evidence also fails to show what knowledge the appellant had and what his relations with Blackstock may have been prior to the trial. In order to authorize a reversal of the judgment upon the ground that one of the jurors who tried the case was disqualified by reason of bias or prejudice, it is essential that the record show that the party complaining on appeal was not chargeable with a lack of diligence in his efforts to acquaint himself with the juror's status and disposition towards the accused and his knowledge of the facts of the case. In the case of Adams v. State, 92 Texas Crim. Rep., 264, a number of authorities upon the subject are collated. See, also, Wells v. State, 111 Texas Crim. Rep., 21, page 30.

Bill No. 3 calls in question the ruling of the court in receiving in evidence the testimony of the prosecutrix describing the details of the assault. The bill consists of a number of pages in question and answer form, sanctioned by the trial court. The facts developed, as shown in the bill, were res gestae. The claim that the questions are leading is not tenable. The bill presents no error.

Bill No. 4 reflects the complaint of the appellant of the refusal of the court to exclude persons summoned for jury service from the court room during the impanelment of the jury. In refusing to comply with the request the court was within his rights. No abuse of discretion is shown.

Finding no error, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's complaint in bill of exception No. 4 was not that he was not permitted to ask each juror on his voir dire examination such qualifying questions as he desired,—but that the trial court refused to send all the panel of jurors from the room and then call them in one by one for separate examination. In refusing this we see no abuse of the trial court's discretion.

We think the disqualification of juror Blackstock was fully discussed and correctly disposed of in our original opinion. We are further of the belief that the credibility of the witnesses and the weight of their testimony being peculiarly a question for decision by the jury, and they having given credence to the testimony of the state, we are without authority to disturb the verdict, there being testimony before the jury supporting the

same.

Not being able to agree with the contentions of appellant, which contentions are substantially set out above, the motion for rehearing will be overruled.

*Overruled.*