Finding no error in the record, the judgment is affirmed.

## LILLY v. STATE.

### No. 18467.

Court of Criminal Appeals of Texas.

June 17, 1936.

E. J. Conn, of Lufkin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is murder; penalty assessed at confinement in the penitentiary for 30 years.

It is the state's theory, supported by the evidence, that appellant assassinated the deceased while he was in bed asleep. This is vouched for by an eyewitness. Appellant did not testify; nor did he present any affirmative defense.

A continuance was sought and overruled. The testimony of the witnesses would have presented no defensive theory. None of them were eyewitnesses. Some of them, according to the averments, would have given testimony of threats against the appellant, but the character of the tragedy under the undisputed evidence would render the absent testimony unimportant.

██ By bill of exception No. 5 appellant complains of the receipt in evidence of the testimony of a peace officer to the effect that when he went to arrest the appellant after the homicide he called on him for the gun with which the deceased had been killed, and that thereupon the appellant got the gun and delivered it to the officer. The objection to this testimony was that the transaction occurred while the appellant was under arrest. This testimony was adduced by the state upon the redirect examination of the witness. The statement of facts discloses that the same facts were proved by the appellant upon his cross-examination of the witness. The facts to which appellant was objecting had therefore been placed in evidence by himself. Under the circumstances, nothing is presented by the bill.

██ In his motion for new trial appellant contends that his rights were prejudiced by the procedure followed. His specific contention is that several of the jurors who sat in his trial had previously and recently served on the jury in a case in which he was prosecuted for hog theft. As understood from the record, which seems uncontroverted, it appears that two of the men who served on the jury which rendered the verdict against the appellant in the present case had served as jurors in his previous trial for the theft of hogs. On the hearing of the motion it was made evident that the two men who had served on the previous trial of the appellant for hog theft were accepted as jurors in the present trial without objection upon the part of the appellant or his counsel. Moreover, the record fails to show that there was any effort to eliminate the jurors who had sat in the hog theft case from sitting in the present trial. It seems obvious from the record that all the jurors who rendered the verdict in the present appeal were on the jury with the

consent of the appellant or at least without any opposition from him or his counsel. We will add that the record fails to disclose any injury to the appellant. The procedure followed upon the present trial in which appellant was convicted of murder and in which the men who previously served in the hog theft case sat as jurors is shown not to have prejudiced appellant, but, on the contrary, as shown upon the hearing of the motion for new trial, the jury, during its deliberation and before reaching the verdict, were considering the penalty when it was suggested by some of the jurors that since appellant, in the hog theft case, had already received a penalty of six years, that that matter should be taken into account in his favor. On the hearing of the motion, one of the jurors testified: "It was mentioned that by giving him thirty years, that he already had six years, and that would be thirty-six years, and he must be about thirty years old now, and that would make him sixty-six years old if he had served that length of time— some time off for good behavior. * * * If that made any difference at all, that discussion then rather than increasing the punishment, diminished it."

The other jurors who testified on the hearing gave testimony in substance the same as that quoted above.

During the selection of the jury the appellant challenged none of the veniremen for cause. He had four peremptory challenges remaining when the jury in the case was completed.

In principle, the present case is similar to that of Smith v. State, 52 Tex.Cr.R. 344, 106 S.W. 1161, 1165, 15 Ann.Cas. 357, dealing with misconduct of the jury in alluding to the former conviction of the accused, in which case it was stated that where the testimony supports the verdict and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction. From the opinion of Judge Ramsey in affirming the case, we take the following quotation: "Here it is manifest, as we believe, that the only effect of the discussion of the former verdict inured to the benefit of appellant. It caused 2 jurors who were in favor of the death penalty to go over to the 10, and to give appellant a life sentence. Indeed, the only discussion had was addressed by a juror favoring a life sentence to one of the two jurors standing out for a death penalty, and whatever effect it may have had or did have was to mitigate the sentence and inure to the benefit of appellant." See Ross v. State, 98 Tex.Cr.R. 567, 267 S.W. 499; Bartlett v. State, 123 Tex.Cr.R. 464, 59 S.W.(2d) 157; Scrivnor v. State, 121 Tex.Cr.R. 565, 50 S.W.(2d) 329.

The facts in evidence are regarded as bringing the case clearly within the principle so vividly stated by Judge Ramsey in the Smith Case, supra, and the later cases to which reference is made above.

Upon the record before us, an affirmance of the judgment of conviction is deemed the proper disposition of the case, and it is so ordered.