**Raymond Marvin ELLISON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–81–178–CR (2180CR).**

Court of Appeals of Texas, Corpus Christi.

March 18, 1982.

Richard M. Butler, Cuero, for appellant.

Robert E. "Bobby" Bell, Dist. Atty., Edna, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

OPINION

YOUNG, Justice.

Raymond Marvin Ellison was convicted of possession of a controlled substance and assessed punishment of four years confinement after a trial before the court. He contends that the evidence used to convict him was obtained by an illegal search and seizure and without it there is insufficient evidence to convict him. We affirm.

On October 6, 1978, Bill Davidson, a Department of Public Safety officer stopped

Mr. Ellison for exceeding the speed limit. The appellant got out of his car and walked back to meet the officer at the rear of the car. Whereupon, Trooper Davidson walked toward the front of the car to check the inspection sticker and the occupants of the vehicle. When he arrived near the driver's door, he detected the odor of burning marijuana from the open window. He then returned to the rear of the car where the appellant was standing and informed Mr. Ellison that he was going to search him and needed to see his driver's license.

As to what happened next, we will quote directly from the record:

> "OFFICER DAVIDSON: ... At that time he pulled his wallet out, proceeded to locate his driver's license and in his wallet I observed a package, plastic packet with a white powdery substance in it. When I saw that—
>
> Q. Excuse me, how did you see that, please?
>
> A. He—
>
> Q. Your handling the wallet?
>
> A. No sir. He had the wallet in his hand locating his driver's license."

In due time, the appellant made a motion to suppress the evidence seized from his person and vehicle. The court heard the appellant's testimony for the limited purpose of the motion to suppress.

In addition to the appellant's testimony, the defense attacked the DPS officer's description of the incident by pointing out apparent inconsistencies between this version and his arrest report.[1] Officer Davidson explained that the report was not detailed, that he recalled the occasion clearly, and that his testimony more accurately reflected the sequence of events than did the report. The trial court overruled the motion to suppress.

■ The burden of proof of the reasonableness of a warrantless search is on the State. *Gonzalez v. State*, 588 S.W.2d 355 (Tex.Cr.App.1979). The appellant argues that the existence of conflicting testimony means that the State failed to carry its burden. That is not necessarily so. In a trial before the court, the trial judge is the exclusive judge of the witnesses' credibility and the weight to be given their testimony. And where there is disputed testimony, a question of fact arises and it is the responsibility of the trial judge to resolve it. *De-Bolt v. State*, 604 S.W.2d 164, 167 (Tex.Cr. App.1980). The findings of the trial court on disputed testimony, if supported by the evidence, are binding on this court. *Scrivnor v. State*, 121 Tex.Cr.R. 565, 50 S.W.2d 329 (1932).

■ Where the sufficiency of the evidence is challenged, as here, we must view the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976). Thus, we must determine whether the facts concerning the manner of discovery of the controlled substance as presented by Officer Davidson justified its use at trial.

■ Police may seize evidence in plain view without a warrant because no invasion of privacy occurs. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The plain view doctrine requires that there be an inadvertent discovery of incriminating evidence which is immediately apparent to an officer who is lawfully where he is. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Howard v. State*, 599 S.W.2d 597, 603 (Tex.Cr.App.1980). A peace officer who observes a speeding vehicle may stop the car, *Dillard v. State*, 550 S.W.2d 45, 50 (Tex.Cr.App.1977); approach it to check the license plates and inspection sticker, *Duff v. State*, 546 S.W.2d 283, 286 (Tex.Cr.App. 1977); and request to see the operator's license of the driver. Tex.Rev.Civ.Stat. Ann. Art. 6687b § 13 (Vernon 1977); *Dillard v. State*, supra. Officer Davidson legitimately stopped the appellant for a traf-

---

1. The report contained a very brief summary of the events giving rise to the arrest. It included the following statements: "... while at the open door, I noticed a strong odor of what I believed to be marijuana. I advised the driver of this and searched him. In his wallet, I found a clear packet of a white powdered substance...."

fic violation and asked for the appellant's driver's license. Thus, he had justification for being where he was. The discovery of the evidence was inadvertent and its criminal nature was immediately apparent. Thus, all three criteria of *Coolidge* and *Brown* are met. The packet of methamphetamine was admissible under the plain view exception to the warrant requirement. Therefore, there was sufficient evidence to sustain the conviction of the appellant.

The judgment of the trial court is affirmed.