WILL, ALIAS PET, HARRIS v. THE STATE.

*No. 741.　Decided May 22.*

**Robbery—Allegation and Proof—Paper Money—Variance.**—Where, in an indictment for robbery, the money taken is described in general terms as $20, paper money, current money of the United States, a better description thereof being to the grand jurors unknown; and the proof was, that the money taken was a $10 and a $5 currency bill of the United States; *Held*, there was no variance. Under the allegation in the indictment, the State could prove any number of currency dollars of the United States, not more than $20.

APPEAL from the Criminal District Court of Harris.　Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for robbery, the punishment being assessed at five years in the penitentiary.

The opinion sufficiently states the case.

*Thompson & Carter,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried under an indictment charging him with robbery, was convicted, and his punishment assessed at five years' confinement in the penitentiary; and from the judgment and sentence of the lower court he prosecutes this appeal.

Appellant assigns but two errors, the first of which is, that the indictment charged that defendant, by means of the robbery, "did take from the person and possession of the prosecutor, Joe Rosentta, $20 in the paper money, and then and there current money of the United States, a better description thereof being to the grand jurors unknown, of the value of $20;" and that the proof showed that the money taken was $15 in paper currency of the United States, to wit, one $10 bill, lawful current money of the United States of the value of $10, and one $5 bill, lawful current money of the United States of the value of $5; and that this shows a variance between the allegations in the indictment and the proof. We do not think so. No denomination of the money is set forth in the indictment. Under our financial system, a dollar is a unit of value, and, under the allegations of this indictment, the State would be permitted to prove any number of currency dollars of the United States (not more than twenty in number), and the proof of $10, currency money of the United States of the value of $10, and a $5 bill, current money of the United States of the value of $5, constitutes no variance with the allegation contained in the indictment.

The second assignment of error is, that the evidence is not sufficient to sustain the verdict. We have examined the evidence, and in our opinion it is sufficient. The prosecutor, Joe Rosentta, testified, that he

had a store in the city of Houston; that on the night of 26th of November, 1894, he and his niece were alone in the store, and that about 8 o'clock two negroes came in and asked for some onions. One of them had a stick under his arm. The prosecutor's niece was standing at the counter in the back part of the store. He got up and took a paper sack, and stooped down to put the onions in it, and one of the negroes knocked him in the back of the head with the stick; and that they took from him, "without his consent, from his upper vest pocket, $15, paper money of the value of $15, one five-dollar bill and one $10 bill, lawful current money of the United States." Both the prosecutor and his niece testified, that they identified the appellant as one of the negroes committing the robbery. The defendant offered testimony controverting this, but the jury trying the case solved the question against the defendant, and we see no reason to disturb their verdict.

The judgment and sentence of the lower court are affirmed.

*Affirmed.*

Judges all present and concurring.