PAYTON ROBINSON v. THE STATE.

No. 1239. Decided June 21, 1911.

**1.—Robbery—Evidence—Bill of Exceptions.**

Where no bills of exception were contained in the record reserving the objection to the admission of evidence, the same could not be considered, and the statement of facts can not be considered as a bill.

**2.—Same—Charge of Court—Alibi.**

Where, upon trial of robbery, the evidence did not raise the issue of alibi, and there was no special charge requested, and the court properly submitted the law applicable to the facts, there was no error.

**3.—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence sustained the conviction, there was no error.

**4.—Same—Variance—Indictment.**

It is not necessary to prove that the exact amount of money stated in the indictment for robbery was actually taken; it is sufficient if any amount was taken.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Thos. C. Turnley* and *W. F. Kelly,* for appellant.—On the question of the court's failure to charge on alibi: Henry v. State, 9 Texas Crim. App., 358; Reynolds v. State, 8 Texas Crim. App., 412; Tijernia v. State, 45 Texas Crim. Rep., 182, 74 S. W. Rep., 913; Morales v. State, 36 Texas Crim. Rep., 234; Reeves v. State, 34 Texas Crim. Rep., 483; Wheeler v. State, id., 350; Miers v. State, id., 161; Washington v. State, 22 Texas Crim. App., 26; Robinson v. State, 5 Texas Crim. App., 519; Jones v. State, 35 Texas Crim. Rep., 565; Butler v. State, 33 Texas Crim. App., 232; Black v. State, 38 Texas Crim. Rep., 58; Wilson v. State, 27 Texas Crim. App., 47; Elliston v. State, 10 Texas Crim. App., 361.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of robbery, his punishment being assessed at five years confinement in the penitentiary.

The first ground of the motion for new trial recites that the court erred in admitting the evidence of the witness Jarl over his objection, as to statements made by him and other persons in the absence of defendant, and as to his action in making the arrest of defendant, such evidence being immaterial and irrelevant and highly prejudicial to the defendant, all of which will be shown by statement which appears from defendant's bill of exceptions No. 1. An examination of this transcript does not show bill of exceptions No. 1. If it was taken it is omitted from the transcript. Therefore this matter can not be reviewed. The matter as set out in the statement of facts is not sufficient to be considered as a bill.

The next ground insisted upon by appellant is that the court should have charged upon the law of alibi. As we understand the statement of facts the question of alibi is not raised or suggested. A special charge was not asked in regard to the matter. The court gave this charge: "If you believe from the evidence that Katie Pickens got the money from Edward Denke you will acquit the defendant, or if you believe from the evidence that Edward Denke unlawfully obtained the money from Katie Pickens, and that the defendant on that account took the money from said Edward Denke you will acquit him, or if

upon either of these propositions you have a reasonable doubt you will acquit the defendant." If the question of alibi is in the case at all, it is by reason of substantially these facts: Denke, the alleged injured party, stated that he and a friend were out having a good time, and that he had something over ten dollars upon his person; that along about midnight they encountered the negro girl, Katie Pickens, and he and his friend went with Katie Pickens to her place of abode, which was shown to be a den of prostitution; that when he went in he thought he was being carried there to play music for the girl; that after reaching the house he discovered that he was mistaken, and she insisted upon his going in the room with her, and took him by the arm and took him in the room. That she proposed that they go to bed, which he declined. He says that she then began to halloa and he ran out, and the defendant made him hold up his hands and took his money from him. A friend of the defendant, who was with him, a man named Sabic, testified that the girl began to halloa. He did not seem to know much about what occurred afterwards, as he ran out of the house for a policeman. The inmates of the house, several of them, testified that two white men came there with the girl, Katie Pickens, and that Sabic sat with the crowd where they were playing cards, and Denke went in the room with the girl, Sabic stating that he did not wish a girl. After Denke and Katie Pickens had been in the room awhile a commotion was created; the girl was halloaing. The mistress of the establishment rushed in and Denke stated that the girl had gotten his money. Appellant was there about the room. It was not right clear by the testimony whether he went in the room where Denke and the girl were or stood in the door. Under their testimony Denke claimed that the girl took his money, and when they went in the room he had the girl down on the bed choking her; that she was making quite a noise, but when they threatened to call the policeman the crowd scattered, and defendant, among the others, ran from the house. He was subsequently arrested by the officers.

Under this state of facts we are of opinion that the question of alibi is not suggested. Appellant's contention is that the law of alibi should have been given, because under the defensive testimony he was not in the room where the girl and Denke were; that he was in the adjoining room. This does not in our judgment suggest the law of alibi. The court, we think, gave a proper charge, to the effect that if the woman got the money and appellant did not, he would not be subject to conviction. Appellant was there; he was not absent; he did not claim to be absent; his claim was that he had nothing to do with it; that it was a matter between Denke and the girl, and that the girl got the money and not he, appellant. We are, therefore, of opinion the court did not err in not charging on the law of alibi.

It is also insisted the evidence is not sufficient. If Denke's testimony is the truth—the jury believed it—we are of opinion that the case is sufficiently made out. Denke states that when he went in the

room with the girl she halloaed, and the defendant immediately rushed up and ordered him to hold up his hands, threatening to shoot him if he did not, and proceeded to take his money, which amounted to $10.30. This is sufficient evidence to show the forcible taking of the money. Under his testimony, of course, he was not guilty, but the jury saw proper to believe Denke's testimony, and this was within their authority.

It is contended there is a fatal variance between the allegation in the indictment and the evidence introduced to support that allegation in this: The indictment alleged that it was something over eleven dollars taken, whereas Denke testified it was ten dollars and some cents taken. This is not a variance. Under the allegation there was eleven dollars and some cents it will be sufficient to show that any amount of money was taken. It is not necessary to show that the exact amount stated in the indictment was taken. It is sufficient if any amount was taken.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*