SANDY GRICE v. THE STATE.

No. 11276.      Delivered October 12, 1927.

Burglary—Accomplice Testimony—Corroboration Of—Rule Stated.

Where an accomplice testified that he and appellant and another burglarized the premises alleged, and the property taken therefrom was found in the possession of appellant, the corroboration was sufficient. Corroborative evidence need not be such as is sufficient to convict, independent of that of the accomplice. See Wright v. State, 31 Tex. Crim. Rep. 354; Jones v. State, 4 Tex. Crim. App. 529; Branch's P. C., Sec. 719.

Appeal from the District Court of Wharton County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—A joint indictment was returned against appellant, Charles Brown and Willie Warren, charging them with burglary, penalty two years in the state penitentiary.

No bills of exception are found in the record and the only question presented on this appeal is whether or not the evidence is sufficient to convict the defendant of the commission of the crime charged in the indictment. Appellant insists that the verdict of guilty is based solely upon the testimony of the accomplice, Willie Warren.

It was shown by the state that one Edward Nelson had in his garage an automobile tire and a lap robe. That the two articles with some others were missing and that a short time thereafter he found them both in the possession of the three defendants, Grice, Warren and Brown. That when he and a companion made a search of the premises where the said three defendants resided they each fled and were afterward captured.

Willie Warren testified that both the lap robe and the automobile tire were brought on the premises by appellant and Brown one night. The other two testified that the two articles were brought on the premises by Warren, who claimed he had bought them from a Dane, but whose name they didn't remember.

Corroborative evidence need not be such as is sufficient to convict independent of that of the accomplice. If the rule required sufficient evidence to establish guilt aside from that of the accomplice, this would render the testimony of the accomplice wholly useless, as has been said many times. Wright v. State, 31 Tex. Crim. Rep. 354; Jones v. State, 4 Tex. Crim. App. 529; Branch's Penal Code, Sec. 719.

We believe that the above testimony is amply sufficient to connect the defendant with the commission of the offense and that the evidence as a whole supports the verdict of guilty.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.