## BRIDGES v. STATE. (No. 11913.)

Court of Criminal Appeals of Texas. Nov. 7, 1928.

W. E. Meyres, of Fort Worth,, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, burglary; penalty, four years.

It is claimed that the conviction rests upon the uncorroborated testimony of an accomplice, Miss Edna Bacon, and that a new trial should have been granted for this reason.

On the night of January 17th a drug store was burglarized in the little town of Sunset about 1 or 1:30 a. m. On this date, about 6:30 p. m., appellant, with Edna Bacon and two male companions, was seen to leave Wichita Falls in a cream-colored Nash roadster with tape on the right-hand curtain. Their announced destination was Fort Worth; the village of Sunset being on the main highway between Wichita Falls and Fort Worth. These parties were seen by an officer going through Henrietta, a city situated between Sunset and Wichita Falls that same night. A cream-colored roadster was observed in Sunset about 1 o'clock a. m. Shortly thereafter this witness found the door of the drug store open and observed two men going from there; one of whom was dressed in garb corresponding to one of appellant's companions. The alarm was given, and a short time thereafter the sheriff of Wise county intercepted a Nash cream-colored roadster and shot three tires off same, thereafter finding the car without any one in it by the roadside. This car had tape on the right-hand curtain. A search revealed clothing in the car, some of which was shown to fit appellant and his companions. A slipper was

found in the mud near by belonging to Edna Bacon. An appearance bond was also found in the car, which was shown to have gone into the custody of appellant and one of his companions the afternoon of that day in the town of Wichita Falls. On the night of the alleged burglary the appellant and his male companions left Edna Bacon in the car for about 30 minutes, and upon their return told her that they had broken into a store. This was shown by circumstances to be the drug store in the village of Sunset.

The proven facts hardly seem sufficient to connect Edna Bacon with the alleged crime in such way as to make her an accomplice. However, assuming that she is, we think the corroboration is sufficient, as it is not necessary that it be conclusive of appellant's guilt, as has been many times decided. Grice v. State, 107 Tex. Cr. R. 646, 298 S. W. 597, and authorities there cited.

■ When the case was called for trial, application for continuance was presented on account of the absence of six witnesses. Three of these appeared and testified. It is alleged that two of the others would have testified as to the whereabouts in Fort Worth of appellant on the night of the burglary up to 11 o'clock p. m., and the third one to an earlier hour than this. As the offense is shown to have been committed at a distance of about 60 miles from Fort Worth some 2 to 3 hours later than this, the expected evidence does not contradict that of the state; namely, that the parties were at the scene of the crime at about 1.30 a. m. We observe further that this trial was had on January 30th, and motion for new trial was heard and overruled on February 10th following. The record shows the place of the trial to be not far from Fort Worth, where the absent witnesses were alleged to reside. Under the circumstances of this case, if the facts set out in the application were true, it seems that an affidavit of these witnesses could have easily been attached to the motion for new trial setting out an explanation of their absence, together with what each would have sworn. It has been many times held that applications for a continuance are addressed to the sound discretion of the court, and that an accused is not entitled to a continuance as a matter of right. Grayson v. State, 91 Tex. Cr. R. 137, 236 S. W. 1110; Kirby v. State, 68 Tex. Cr. R. 63, 150 S. W. 455; Vernon's C. C. P. art. 540, note 1, for collation of authorities. If in considering the entire record the absent testimony was not probably true or was not material or relevant, the action of the court in overruling the motion for a continuance will not be disturbed. We have had no difficulty in reaching the conclusion, in view of the entire record, that, if these witnesses had been present and testified as set out in the motion for a continuance, no different verdict would probably have resulted.

■ We find several bills of exception to the admission of testimony showing facts and circumstances which it is alleged occurred out of the presence of defendant. Practically all of the state's evidence was excepted to on this ground. There is no merit in any of these bills. For example, appellant strenuously contends that the testimony of the witness who saw a cream-colored roadster near the town of Sunset was not admissible because it was not shown that appellant was in said car at the time. It is not required that direct evidence of this fact be produced. We regard the testimony as sufficient to circumstantially show that appellant was in this particular car and all of its movements as detailed by the witnesses were highly material and constituted links in the chain of circumstances which connected the accused with the crime alleged.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.