HILTON BYBEE V. THE STATE.

No. 15484.   Delivered October 26, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 142.

The opinion states the case.

*Jeff A. Fowler* and *B. F. Reynolds,* both of Throckmorton, and *Otis Rogers,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty assessed at death.

The subject of the robbery is Ernest Slape, whose testimony is summarized as follows: While Slape was sitting at his house, the appellant appeared with two pistols, one in each hand. He entered the door and said: "You are the guy we want; get out of here. You get out of here, or I'll knock you in the head with one of these guns."

When first ordered to get out, Slape hesitated. The appellant's brother, who was with him, was also armed with and exhibited a pistol. After running a short distance, Slape was shot between the shoulders and fell. He was not positive whether the appellant or his brother fired the shot, though it was his best judgment that the appellant was the one who shot him. As Slape lay upon the ground, helpless but not unconscious, the appellant and his brother took from Slape's pockets the money he had, which was about $104. As Slape fell, the appellant remarked: "They don't go far when this hits them." After taking the money, the appellant and his brother fled. They made their departure in an automobile which was standing nearby. Slape had seen the appellant before and was positive in his recognition and identification of both the appellant and his brother.

The bullet fired by his assailant entered Slape's back and lodged in his neck, from which it had not been extracted at the time of the trial.

When the appellant and his brother appeared, the latter commanded that the persons present get in the house, while the former commanded Slape to get outside. When asked by Slape what they wanted, the appellant replied, "We want you."

The appellant introduced no testimony.

In the record there is presented no complaint of the manner of trial; that is to say, there are no exceptions to the rulings of the court in the reception or rejection of evidence.

In his direct examination, Slape testified that there was taken from his possession by the appellant and his associate the sum of $104; that part of the money was taken from one pocket and part from the other, the appellant and his brother acting together in taking the money. On cross-examination, the witness said he could not be sure as to the exact amount of money in his possession, but that he had $100 in his left pocket and $3 or $4 in his right pocket, all of which was taken from him.

Appellant requested an instruction of acquittal upon the

ground of variance based upon the discrepancy between the amount of money which Slape claimed was taken from him.

In charging the jury, the court used the following language: "* * * Did unlawfully and willfully in and upon Ernest Slape make an assault and did then and there by said assault and violence and by then and there using and exhibiting a firearm to-wit, a pistol, fraudulently and against the will of the said Ernest Slape, take from the person and possession of Ernest Slape, $104.00 in money or any sum of money."

The contention that there was a variance between the amount of money taken and that averred seems not supported by the evidence; that is to say, the injured party testified that the money taken from him amounted to $104. That, at least appears to have been his best judgment, although, on cross-examination, he conceded that it might have been one or two dollars less than that amount. Nothing in the evidence would have authorized a peremptory charge to the effect that there was a variance. For that matter, it is thought that, if there were a conceded discrepancy of a dollar or so between the amount averred and that taken by the appellant, it would not be fatal to the conviction.

In the case of Harris v. State, 34 Texas Crim. Rep., 497, 31 S. W., 382, the accused was convicted of robbery. The indictment described the property in general terms as $20 in paper money, currency of the United States. The proof showed that the money taken was a ten dollar bill and a five dollar bill. The court held that there was no variance. The same principle has been reasserted in many other cases, among them, Taylor v. State, 89 Texas Crim. Rep., 618, 232 S. W., 525, in which numerous authorities are collated. See, also, Holland v. State, 121 Texas Crim. Rep., 546, 51 S. W. (2d) 340.

Exception to the charge was made because of the use of the words "or any sum of money." No error is perceived in the action of the court in refusing to instruct a verdict of acquittal and in refusing to amend his charge in response to the exception mentioned.

The matters last mentioned are also brought forward in the motion for new trial, which was properly overruled.

The point made in the motion for new trial that the venue was not proved is not tenable, as it does not appear that any issue as to venue was made upon the trial. Under such circumstances, the venue is presumed. See article 847, C. C. P., 1925.

In his brief the appellant makes the following contention:

"Appellant relies solely upon the insufficiency of the evi-

dence to support the verdict of the jury, and asks the court's careful consideration in applying the evidence to the allegations of the indictment. * * *

"Analyzing the evidence, we find that appellant committed an assault with intent to murder. After the assault was complete and the victim was apparently dead, appellant robbed him. *No fire-arm was exhibited at the time of the robbery,* and there is no evidence that at the time *Slape feared further violence from appellant.* Under the statute, the exhibition of a fire-arm is a constituent element of the offense. * * *

"The acts of appellant make out a clear case of assault with intent to kill, and the evidence is ample to sustain a verdict of guilty. * * *

"We do not believe that the conviction of appellant for the offense of robbery with fire-arms is justified by the facts as presented by the record in this case. Nor do we believe that the extreme penalty, DEATH, is justified where the *victim was not killed and was able to attend court and take* an active interest in the trial of appellant."

In the indictment, the applicable part which is copied above, there is no averment that the robbery was committed by putting Slape in fear of his life. Appellant cites no authorities, and we are not aware of any that would sustain his contention. The indictment for robbery is embraced in article 1408, P. C., 1925. An averment that the person assaulted was put in fear of his life or serious bodily harm is not necessary when, as in this case, the reliance is upon violence.

Whether an act of violence embraces more than one offense is often hard to ascertain. The volition or intent with which the act is done often becomes a question of fact. This is illustrated in the opinion of this court in the case of Ex parte Jones, 83 Texas Crim. Rep., 12, in which many authorities are cited illustrating the point that whether the act embraces one volition or more is often difficult to determine. See, also, the case of Spannell v. State, 83 Texas Crim. Rep., 418. Many other cases might also be cited.

In the present instance, no effort was made, by the introduction of evidence or by requested instructions to the jury, to show that the volition or intent of the appellant was to do other than which he did; namely, to rob Slape. If there were evidence that might lead to the conclusion that the appellant shot Slape out of malice without intent to rob him, and afterwards formed the intent to take his property, the case would present a different aspect. If it had been shown that the appellant shot

Slape without the volition to rob him, there might be two offenses; namely, one consisting of an assault to murder, the other consisting of the theft of the property of Slape. No doubt is entertained that the facts before the court warranted the prosecution for robbery. The property was fraudulently taken from the possession of Slape. It was acquired by assault and violence, both of which averments are charged in the indictment and are contained in the statute, article 1408, P. C. Likewise, it is said in the statute: "* * * And when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

Touching the suggestion that the penalty is excessive, it is to be said that, since the conviction is legal and the penalty is within the law, the severity of the penalty is not a matter within the scope of this review. See Shuffield v. State (Texas Crim. App.), 18 S. W. (2d) 640; Brady v. State, 119 Texas Crim. Rep., 178, 44 S. W. (2d) 373.

We have given the record the most careful examination of which we are capable, and have taken into account the suggestions of counsel for the appellant, but are left of the opinion that it is the duty of this court to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—By a different attorney from those who represented him on the trial, and predicated solely upon an ex parte affidavit, appellant attempts to now raise an issue as to the legality of his trial because of the fact that the jury trying him was selected from the jury panel for the week; no special venire having been requested by either the state or appellant, and no objections having been interposed at the time of this trial to the selection of a jury from the jurors drawn for the week. Such questions can not be raised by such affidavits. See, however, on the point Farrar v. State, 44 Texas Crim. Rep., 236; dissenting opinion of Judge Davidson in Smith v. State, 78 Texas Crim. Rep., 88; Gonzales v. State, 88 Texas Crim. Rep., 248.

The motion for rehearing will be overruled.

*Overruled.*