R. J. HOWELL V. STATE.

No. 24438. November 2, 1949.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) November 23, 1949.

*E. C. Wellborn,* Henderson, for appellant.

*R. L. Whitehead,* Criminal District Attorney, and *David C. Moore,* Assistant Criminal District Attorney, Longview, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was tried and convicted for the offense of robbery with firearms and given a penalty of five years in the penitentiary, and he appeals.

The facts appear to be undisputed that on June 19, 1948, at nighttime, appellant entered the package store of J. M. Sanford and wife, and in the presence of both of them, as well as that of Mr. Lee, appellant requested to know the way to Dallas; that upon being told such way, he presented a rifle and pointing the same at Mr. Lee, ordered him over to one side, and then pointing the rifle at Mr. Sanford, he demanded the money. Mr. Sanford took from the cash register a $20.00 bill and some 25 or 30 $1.00 bills and gave them to the robber, who left the place and drove away in an automobile.

The only defense offered to such acts was that of insanity, which was supported by some witnesses, as well as contested by other witnesses. The trial court, in a proper charge, submitted the law of insanity to the jury.

Appellant's attorney duly presented his bills of exception to the trial court within the proper time, and Bills Nos. 1, 2, 3, 4, 8, and 9, were qualified by the judge, and such qualifications were excepted to by such attorney, whereupon the trial court filed his own bills of exception in lieu thereof, which we will consider instead of the bills thus burdened with such exceptions.

We find an ex parte affidavit of appellant's attorney in the record which is mainly concerned with the fact that such excepted to bills were filed with the clerk and as to who filed the same. In the first place, the ex parte affidavit has no place in

the record, and the matters mentioned therein are of no importance and have no bearing on this case. The fact remains that the bills with the excepted to qualifications are filed, and would have been considered by us had not the trial court filed his own bills, thus resulting in our consideration alone of the trial court's bills. See 4 Tex. Jur. p. 179; idem, pp. 469 and 472; p. 264, sec. 189; also Art. 2237, subd. 8, Revised Statutes, 1925; McCarty v. State, 107 Tex. Cr. R. 589, 298 S. W. 575; Dailey v. State, 106 Tex. Cr. R. 99, 291 S. W. 242; Jones v. State, 89 Tex. Cr. R. 6, 229 S. W. 865.

After having excepted to the trial court's qualifications to his bills and after the trial court had prepared and filed the court's bills, the appellant had the privilege, under the law, to resort to bystanders' bills, and this he did not see fit to do, so we proceed to consider the bills prepared by the trial court.

In Bill No. 1 (the court's bill), it appears that appellant was arrested on June 20, 1948, in Louisiana, by a peace officer who, upon the arrest, searched appellant's automobile and found therein a certain rifle, which was identified as being similar to the one held by appellant at the time of the robbery. Appellant objected to this testimony, claiming such arrest to have been illegal, and being obtained illegally, that same was not admissible under Article 727a, C. C. P. The bill then shows that the jury was retired, and out of its presence, the court inquired relative to such arrest as follows:

"The following testimony was given out of the presence of the jury on the question of probable cause for the arrest without a warrant, and therefore, the right of search: the witness, Joseph R. Leslie, testified that he approached the car in which the defendant was an occupant while it was parked at an illegal place, and observed 'a very large amount of—I use the word vomit on the side of the car, a very large amount.' That the defendant told the witness, Joseph R. Leslie, a patrolman, that he had some homebrew in the back of the car; that the officer observed the defendant and determined that he was intoxicated, all of which took place before the defendant was placed under arrest. After the arrest had been made the officer found therein a quantity of homebrew iced down and a .22 caliber rifle, which was later identified by a witness, as the one used in the alleged robbery."

The only portion of such above testimony admitted before the jury was the fact that appellant was arrested and a rifle found in the car, which rifle was afterwards identified as the one used

in the robbery. We think the arrest was legal and made with probable cause and, therefore, the testimony heard by the jury was proper.

Bill No. 2 relates to certain testimony given by the district attorney, and it is shown therein that no objection was made thereto until it had been given and completed, at which time appellant's attorney objected thereto, whereupon the trial court excluded such testimony and instructed the jury to pay no attention thereto and not consider the same for any purpose. It seems that the court again instructed the jury not to consider such testimony. We see no error in the first place, and none that could not be cured by these repeated instructions.

Bill No. 3 relates to an attempt by appellant, through the testimony of his sister, to introduce before the jury a purported discharge from the Navy. There was no authentication of such discharge. The reason for its introduction was given as in support of testimony as to defendant's insanity and as to certain markings thereon. The instrument is not present in the bill, nor do we see wherein it could have been utilized for any legitimate purpose set forth therein.

Bill No. 4 relates to the introduction in evidence of a .22 caliber rifle, it being the one found at the time of appellant's arrest in Louisiana. The objection urged is that it was not identified as being the same rifle used in the robbery. Mrs. Sanford testified that appellant leveled at them a .22 bolt-action rifle. Mrs. Oller saw the robbery. She said that the robber leveled a rifle at the inmates of the store. Mr. Sanford testified:

"The defendant used a .22 rifle when he held me up down there at my place of business. It was a bolt action. I can identify that rifle. * * * The defendant was about three or four *foot* from me. The rifle was about a foot and a half from me. There is nothing wrong with my eyes. I can see good."

We think the rifle was properly identified, it being the one taken from appellant when arrested in Louisiana.

Bill No. 8 relates to the action of the district attorney in referring to and exhibiting the rifle above alluded to in his argument to the jury. We see no merit in the objection thereto.

Bill No. 9 also relates to an argument of the district attorney set forth in the bill. It also appears from said bill that no objection was made to such argument. There is no merit in

such bill, nor do we think the argument complained of is subject to objection.

Bill No. 5 complains because the court refused a peremptory instruction of not guilty and is without merit.

Bill No. 6 relates to the trial court's charge, and if properly filed, would have saved itself as the objections and exceptions to the court's charge, and we proceed to consider the same as such. The bill itself shows such objections to have been called to the court's attention at the proper time. One of the main objections to such charge is that the trial court charged in effect that appellant could be found guilty herein if the state had shown beyond a reasonable doubt that appellant by the means alleged "did fraudulently take from the person and possession of the said J. M. Sanford the personal property described in the indictment, that is, fifty dollars in money, *or any sum of money*, with the. intent, etc. (Italics ours.) The specific objection is directed against the phrase, "or any sum of money." We are cited to the case of Ware v. State, 148 Texas Cr.. Rep. 98, 184 S. W. (2d) 619, which holds in effect that the allegation of robbery and the taking of a gold watch from the victim should be met by proof that the watch taken was a gold watch. This case might have been in point had the state elected to allege that appellant took a $20.00 bill and 30 one-dollar bills from his victim, but no such allegation appears in the indictment. It is merely alleged that appellant took $50.00 in money from Mr. Sanford of the value of fifty dollars. In the first place, we think the proof shows that Mr. Sanford lost $50.00 in money, either a few dollars under or a few dollars over that amount, but substantially the amount of $50.00. The taking of any sum of money by robbery is an offense.

In the case of Menear v. State, 30 Tex. App. 475, 17 S. W. 1082, the sum taken was only ten cents. The state is not relegated to the amount of money taken in a robbery; any amount in value would be a commission of the offense. See 37 Tex. Jur. p. 9, and p. 19.

Money is a thing of value and necessarily carries such with it by virtue of the statute; but if the kind, character and denomination of the money be unnecessarily alleged, such must be proven. We find no such allegation in this cause. Money, to-wit, $50.00 in money, is alleged; and money only need be proven, the amount being immaterial. See Branch's Ann. Tex. P. C., p. 1301, sec. 2389; Kelley v. State, 34 Tex. Cr. R. 412, 31 S. W. 174; Fay v. State, 70 S. W. 744; Branch's Crim. Law, p. 397, sec. 619.

In 37 Tex. Jur. p. 19, sec. 18, it is said:

"Where the property taken is money, it is sufficient to charge the taking of a certain number of dollars 'in money' without stating the value, denomination or kind of money, or that it is lawful money of the United States."

In Thompson v. State, 90 Tex. Cr. R. 125, 234 S. W. 406, it was held that the value of the amount taken was immaterial as opposed to theft or embezzlement, they being classified as a felony or a misdemeanor, depending on the amount so taken. See Branch's Ann. Tex. P. C., p. 1301, sec. 2389; Hunter v. State, 119 Tex. Cr. R. 558, 45 S. W. (2d) 969; also Webb v. State, 110 Tex. Cr. R. 503, 7 S. W. (2d) 562, (rehearing denied 110 Tex. Cr. R. 503, 9 S. W. (2d) 335).

The remaining complaint relates to the court's charge herein that authorized a conviction in the event that the jury concluded from the evidence that appellant took "any other sum of money" from Mr. Sanford. Proof that less money of the same character was taken than that alleged is not a variance. See Harris v. State, 34 Tex. Cr. R. 497, 31 S. W. 382; Pones v. State, 43 Tex. Cr. R. 201, 63 S. W. 1021.

It is held in the Harris case, supra, that although the allegation was the taking of $20.00 in paper money, the proof showed only $15.00; that there was no variance. Under such indictment, the state was permitted to prove any amount of money, not more than the amount alleged. If the state is permitted to prove such lesser amount, and a conviction is permitted to stand, we see no reason why the court should not charge such as the law to the jury. It is only necessary that the kind of property taken in a robbery must be alleged and have some value, and the amount thereof becomes immaterial. See Bybee v. State, 122 Tex. Cr. R. 202, 54 S. W. (2d) 142; Bracher v. State, 72 Tex. Cr. R. 198, 161 S. W. 124; Jones v. State, 64 Tex. Cr. R. 510, 143 S. W. 621; Robinson v. State, 62 Tex. Cr. R. 645, 138 S. W. 704; Fannin v. State, 51 Tex. Cr. R. 41, 100 S. W. 916, 10 L. R. A. (N. S.) 744, 123 Amer. St. Rep. 874; Maloney v. State, 45 S. W. 718; Harris v. State, 34 Tex. Cr. R. 497, 31 S. W. 382.

The gold watch case (Ware v. State, 148 Tex. Cr. R. 98, 184 S. W. (2d) 619) is not here in point. There is no allegation of the kind of money here taken. If by violence and putting in fear of life or bodily injury, appellant took any money from Mr. Sanford, as charged in the indictment, the court should so charge the jury, and his charge relative thereto was correct.

Appellant pleaded insanity herein, and under a proper charge, such fact was submitted to the jury; and if they thus believed by a preponderance of the evidence, they were instructed to acquit on such grounds. They were also instructed to find relative to appellant's insanity at the time of the trial. In both instances they answered that he was sane.

We see no error shown herein, and the judgment is accordingly affirmed.