**Lamar RODGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42287.**

Court of Criminal Appeals of Texas.

Nov. 5, 1969.

Amended Opinion and Rehearing Denied Jan. 7, 1970.

Lynn R. Coleman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## AMENDED OPINION

MORRISON, Judge.

The offense is robbery; the punishment, twenty years.

In an exhaustive and scholarly brief and in oral argument, ten grounds of error are urged. They will be discussed serially.

■ He first contends that the Court erred in overruling his "motion for dismissal of the indictment for denial of counsel at examining trial." This is not a statutory ground for the dismissal of an indictment; see Article 27.03, Vernon's Ann.C.C.P. We will pursue the matter further. The testimony taken at the examining trial has been brought forward in the record and it shows that Mr. James A. Clark was court appointed attorney for this appellant and his co-indictee Norris. Another attorney appeared as court appointed attorney for appellant's co-indictee Pope. By an affidavit made by appellant on the nineteenth of June of 1968, he asserts that prior to the examining trial, which was held on the eleventh of July of 1967, he had been in contact with an attorney of his own choosing and asked Judge Treadway for a delay but that such request was denied, and that he was forced to proceed with the examining trial with Clark as his attorney with whom he had not had time to confer and further that there was serious possibility of a conflict of interest between appellant and Norris. We observe that there is nothing in this record to reflect a conflict of interest between appellant and Norris. The indictment against Norris was dismissed because the arresting officers informed the Court that Norris was too drunk to have committed the robbery. If there was any conflict, it was between appellant and Pope. This grew out of the fact that at the examining trial one witness identified appellant as the robber, whereas another witness identified Pope as the man who got out of the car and walked toward the filling station where the robbery occurred while appellant remained in the automobile. Attorney Clark cross-examined the witness who identified appellant. Appellant's reliance upon Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359, is therefore misplaced.

We next observe that appellant is in a poor position to assert that he was denied counsel of his own choosing because he made an affidavit of indigency on July 25, 1964 and present counsel were appointed.

Without further discussion, we point out that appellant did have counsel, and the Supreme Court of the United States in Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, has reserved for future decision the question of whether or not an examining trial is a critical stage of a Texas criminal trial. There is an entire absence of any showing except by appellant's affidavit that appellant made these allegations known to Judge Treadway prior to the examining trial.

■ His second and third grounds of error relate to the action of the Court in overruling certain motions for reduction of bond and to dismiss for failure to accord this appellant a speedy trial. It has been the law in this state since 1925 that the proper procedure in order to achieve a speedy trial is to apply to the Supreme Court of the State for a writ of mandamus. See State ex rel. Moreau v. Bond, 114 Tex. 468, 271 S.W. 379; Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697; Wilson v. Bowman, Tex., 381 S.W.2d 320. No effort was made in the case at bar to pursue this remedy.

We have reviewed the court's ruling on the appellant's bond and find no abuse of discretion.

Appellant's motions to suppress were filed too late under the holdings of this Court in Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807, and Bosley v. State, Tex.Cr.App., 414 S.W.2d 468.

During the trial when the witness Dryman was first asked to identify appellant, there was an objection and a request to take the witness on voir dire concerning the identification. Such request was denied. Reliance is had upon that portion of our opinion in Martinez v. State, Tex. Cr.App., 437 S.W.2d 842, deciding long after the trial of the case at bar, wherein we held, " * * * it would have unquestionably been better practice, particularly in view of the court's ruling on the lineup identification, for the State to have first shown in absence of the jury that the in-court identification about to be offered was not tainted by the illegal lineup." It should be borne in mind that the prosecutor asked the witness Dryman, on direct examination, no question as to the lineup identification. While it is true that Dryman answered affirmatively when appellant's counsel asked him the following question:

"Q. Do you recall making the statement when you talked to Mr. Coleman and to myself that when the officers called they said we got him and said it was necessary for me to come down to the police station and make a formal identification?"

he further answered the following question:

"Q. Did you know that the person whom the police said they had arrested would be in the line-up?

A. No."

His description of the lineup shows that it was conducted without suggestion and was therefore untainted. Appellant had a distinctive tattoo which Dryman recognized. It thus appears that the appellant performed the state's task of proving that the lineup was untainted. We cannot conclude that the failure of the court to follow the suggestion which we made later constitutes reversible error. We do, however, fully reiterate the suggestions made in Martinez as to the conduct of future trials.

■ Appellant next contends that the court erred at the hearing on punishment in permitting the State to prove certain prior convictions which he alleges is in violation of the rule announced in Burgett v. Texas, 389 U.S. 109, 116–117, 88 S.Ct. 258, 19 L.Ed.2d 319. The hearing on the question of punishment was before the Court without the jury. It has long been the rule in this State that it will be presumed that the trial court ignored inadmissible evidence in cases tried before him, Bowers v. State, Tex.Cr.App., 414 S. W.2d 929, and Milligan v. State, 170 Tex. Cr.R. 584, 343 S.W.2d 455. For this reason, we need not pass upon the regularity or the sufficiency of the prior convictions which were admissible as a part of his prior criminal record.

■ Appellant further contends that the indictment insufficiently described the property taken in the robbery. The indictment states that appellant took "money" by placing the injured party in fear. In Howell v. State, 154 Tex.Cr.R. 8, 224 S.W.2d 228, this court said "the taking of any sum of money by robbery is an offense."

In the early case of Thompson v. State, 35 Tex.Cr.R. 511, 34 S.W. 629, Judge Henderson said, "the term 'money' has also been construed, under the statute making the misapplication of public money an offense; and it is held that money means 'the legal tender, metallic coins or legal tender currency of the United States.' * * * We hold that, as to robbery, the term 'money' means the same thing."

■ Later in Bracher v. State, 72 Tex. Cr.R. 198, 161 S.W. 124, this Court said, "Neither was it necessary for the indictment to allege denomination and kind of money."

■ Reliance is had upon Wilson v. State, 171 Tex.Cr.R. 391, 356 S.W.2d 928, where this Court, speaking through this writer, said the term "corporeal personal property" did not put the accused on notice

as to what he was alleged to have taken by force. Such holding does not conflict with the conclusion we here reach that the term "money" in a robbery indictment sufficiently places an accused on notice as to what he was alleged to have taken by force.

Appellant next contends that the court erred in admitting into evidence the pistol which the officers found on the automobile seat where appellant was sitting at the time of his arrest. The arresting officers testified that they received a radio report of a robbery, a description of the automobile in which the robber was riding, a description of the robber, and the fact that he was accompanied by two other white males. They stated that within minutes they saw such a vehicle and brought it to a halt; arrested appellant and his two co-indictees and recovered the pistol from the front seat. This happened ten blocks from where the robbery was reported to have occurred. Such an arrest and search have been approved by this Court in Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, cert. den. 389 U.S. 996, 88 S.Ct. 500, 19 L. Ed.2d 494; Platt v. State, Tex.Cr.App., 402 S.W.2d 898, cert. den. 386 U.S. 929, 87 S.Ct. 875, 17 L.Ed.2d 801; Houston v. State, Tex.Cr.App., 428 S.W.2d 353; Jones v. State, 171 Tex.Cr.R. 608, 352 S.W. 2d 270; Price v. State, Tex.Cr.App., 410 S.W.2d 778.

Without citation of any authority, appellant challenges the sufficiency of the evidence to sustain the conviction. The filling station attendant who was robbed testified that he got a good look at appellant's face prior to his entering the station and positively identified him in an unsuggestive lineup within an hour thereafter and then at the trial. The fact that another state's witness identified appellant's co-indictee as the person who he saw walking toward the filling station prior to the robbery did not destroy the case against appellant which the state had made already by the station attendant who was robbed.

We overrule appellant's contention, not supported by authority, that the Court erred in charging on the law of principals and in failing to charge on circumstantial evidence.

The sole ground of error presented in his motion for new trial, which has not heretofore been discussed, relates to the juror Sylvester. Appellant's attorney made an affidavit which he attached to the motion in which he asserts that while interrogating the venire he asked them collectively if any of them had ever been peace officers or had ever been associated with any law enforcement agency and that none of them spoke out. He also attached an affidavit of juror Bishop which states that during the course of the trial juror Sylvester "informed us" that he had served as a guard in the Department of Corrections at some undisclosed time in the past and related some of his experiences. The affidavit concluded with a statement that "such conversation did not relate to the guilt or innocence of this defendant."

Appellant has failed to show that Sylvester was an objectionable juror or that he was in any way harmed by his presence on the jury.

Finding no reversible error, the judgment of the trial court is affirmed.

A second motion for rehearing will be entertained in this case if the appellant so desires.

ONION and DOUGLAS, JJ., concur in the result.