Eddie BYRD, Appellant,

v.

The STATE of Texas, Appellee.

No. 43045.

Court of Criminal Appeals of Texas.

July 22, 1970.

Grady O. Trimble, Jr., Kountze, for appellant.

R. S. (Stanley) Coe, Dist. Atty., and Dwayne V. Overstreet, County Atty., Kountze, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by firearms;[1] the punishment, assessed by the jury, 101 years.

The sufficiency of the evidence to sustain the conviction is not challenged. Suffice it to say that the record reflects the complaining witness Garrett stopped on the highway on December 24, 1966, to assist the appellant who apparently was having mechanical difficulties with his automobile. He was shot four times by the appellant, $200 was taken from his person and he was left for dead on the side of the road.

First, appellant claims the court erred in overruling his motion to quash the indictment because the same did not sufficiently describe the property alleged to have been taken. The indictment alleged that appellant took "money, the same being the property of the said James Henry Garrett * * *." Reliance is had upon Wilson v. State, 171 Tex.Cr.R. 391, 356 S.W.2d 928. There, as in Mankin v. State, Tex.Cr. App., 451 S.W.2d 236, the property alleged to have been taken was merely described as "*corporeal personal property*" and in each case the description was held insufficient.

In the case at bar the property is described as "money" which is an allegation that will be taken to mean money of the United States of America unless the contrary appears. 5 Branch's Ann.P.C., 2d ed., Sec. 2576, p. 17. While a robbery indictment must describe the property taken, it may normally be described in general terms if the description is sufficient to inform the defendant of the property in question "and to render available in the event of a second prosecution, a plea of once in jeopardy." 50 Tex.Jur.2d, Robbery, Sec. 26, pp. 181, 182.

In a case such as the one at bar, it is immaterial how much money was taken. In Howell v. State, 154 Tex.Cr.R. 8, 224 S.W.2d 228, this Court said "the taking of any sum of money by robbery is an offense." The penalty affixed by the Legislature is the same for a penny, a nickel or $200 or more. See Article 1408, V.A.P.C. There is no variance if the proof shows more or less than the specific amount of money alleged, if such amount has been alleged. "It is sufficient if the proof shows that any amount of money was taken where the allegation is general, and there is not a variance where the proof shows more or less than the specific amount of money alleged. Robinson v. State, 62 Crim. 645, 138 S.W. 704; Fannin v. State, 51 Crim. 41, 100 S.W. 916, 123 Am.St.Rep. 874, 10 L.R.A.,N.S., 744; Jones v. State, 64 Crim. 510, 143 S.W. 621; Bracher v. State, 72 Crim. 198, 161 S.W. 124; Bybee v. State, 122 Crim. 202, 54 S.W.2d 142; Howell v. State, 154 Crim. 8, 224 S.W.2d 228." 5 Branch's Ann.P.C., 2d ed., Sec. 2594, pp. 27, 28.

And in Roberts v. State, 172 Tex.Cr.R. 500, 360 S.W.2d 883, cert. den. 371 U.S. 846, 83 S.Ct. 83, 9 L.Ed.2d 83, a robbery indictment alleging the property to be "U. S. Currency" was held sufficient and not fatally defective for failure to further describe the property.

---

1. Prior to trial the State made known in writing that it would not seek the death penalty.

Still further, Rodgers v. State, Tex.Cr. App., 448 S.W.2d 465, appears to have been decided directly contrary to appellant's contention. See also 33 Texas Digest, Robbery, ☞17(3).

We believe the indictment sufficiently described the property taken so as to apprise the appellant of the offense with which he was charged so as to enable him to prepare a defense and to render available, in event of a second prosecution, a plea of former conviction.

■ Next, appellant claims the court erred in admitting into evidence, over objection, the discovery of a pistol in appellant's automobile as a result of a warrantless search, which was not incident to his arrest, the search having occurred approximately three days after such arrest.

The record reflects that on December 27, 1966, a Beaumont city police officer advised the appellant of his constitutional rights, informed him he did not have to consent to a search of his automobile or waive his constitutional rights in regard thereto. Thereafter the appellant personally signed a written waiver of his rights and consent to search in the presence of two non-police witnesses who also signed the instrument. The search was conducted pursuant to such consent, and we perceive no error.

■ Thirdly, appellant complains of the failure of the officers to take him before a magistrate in the county of his arrest. See Article 15.17, V.A.C.C.P. The record reflects that the appellant was arrested shortly after 4 p.m. on December 24, 1966, in Beaumont by a city police officer. At 10:30 p.m. on that date Sheriff Overstreet

of Hardin County obtained a warrant of arrest from Justice of the Peace J. M. Bowman of such county and proceeded to Beaumont in Jefferson County where he executed the warrant around 11:30 p.m. An effort was made to locate a magistrate in Jefferson County at that hour on Christmas Eve, but the effort was unsuccessful. Sheriff Overstreet then took the appellant before Justice of the Peace Bowman at his home located in Hardin County a mile or two from the Jefferson County line. There appellant was then warned in accordance with Article 15.17, supra. No confession or statement was offered or introduced. We reject the claim that reversible error is reflected.

■ Lastly, appellant complains the State was allowed to introduce, without proper predicate, a copy, rather than the original, of a gun shop record reflecting the sale of the gun in question to one "Eddie Byrd." Out of the jury's presence it was shown that the original gun shop record had been introduced in appellant's trial for another offense in Chambers County. See Byrd v. State, Tex.Cr.App., 427 S.W.2d 894; that the court reporter in such case who was no longer employed in such capacity had been unable to locate the original after a diligent search of her records and her home where she had taken her records. She testified that the photostatic copy was a true and correct copy of the original as did the owner of the gun shop who made the original at the time of the purchase. We perceive no error in the admission into evidence of such copy. 23 Tex.Jur.2d, Evidence, Sec. 230, p. 349; McCormick and Ray, Texas Law of Evidence, Sec. 1571, p. 424.

The judgment is affirmed.