■ There is no showing that the prosecuting attorney had any "criminal records" regarding the State's witnesses in his possession. No error is shown by the refusal of such request. Elliott v. State, Tex.Cr. App., 475 S.W.2d 239; Hardin v. State, Tex.Cr.App., 453 S.W.2d 156.

**Robert Lee ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45081.**

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied July 26, 1972.

---

Dan R. McCormack, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed the punishment at twenty-five years.

The sufficiency of the evidence is not challenged.

The first complaint is that a gun which was later introduced into evidence was found as a result of an illegal arrest and subsequent search.

Charles Davis testified that he was working as night manager at a service sta-

tion in Dallas on April 11, 1970. At about 1:45 a. m., the appellant came into the station, held a .22 caliber pistol in Davis' side and had him open the cash register. The appellant removed about $175.00 and then left. Davis got a gun, went outside and exchanged gunshots with the appellant. Appellant ran alongside a white 1964 Chevrolet and jumped in. At least two others were already in the car when appellant entered. Davis called the police and reported the robbery, but the appellant made his escape.

On April 14, 1970, Davis saw the same car at the service station with three or four people in it. When the car sped off, one of Davis' brothers-in-law followed the car while Davis called the police.

Officer Levy McQuietor, Jr., of the Dallas Police Department testified that he and another officer were on radio patrol on April 14, 1970. They received a call around 1:00 a. m. to be on the lookout for three robbery suspects in a 1962 (later corrected to 1964) Chevrolet with a blue top and white body. He had received a call with the same description on April 11 but failed to locate the suspects. On the 14th, he spotted the car driven by the appellant about six or seven blocks from the service station. While he held a shotgun on the occupants, the other officer searched them. Nothing was found on their persons, but Officer McQuietor did find a .22 caliber pistol "stuffed in between the bottom and back cushion" of the front seat on the driver's side.

The State contends the arrest was authorized under Article 14.04, Vernon's Ann.C. C.P., which provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

■ In the present case probable cause arose on April 11th to arrest someone who the manager reported to the police had robbed a service station and was seen getting into a 1964 Chevrolet with a blue top and white body. There is nothing to indicate that the police had any further information regarding the identity or location of the offender. He successfully escaped on the date of the robbery. When he was again spotted on April 14, the appellant was about to escape again.

In Rodgers v. State, Tex.Cr.App., 448 S.W.2d 465, arresting officers

" . . . received a radio report of a robbery, a description of the automobile in which the robber was riding, a description of the robber, and the fact that he was accompanied by two other white males." Id., at 469.

Within minutes after the call the officers saw the vehicle, brought it to a halt, arrested the occupants, and recovered a pistol from the front seat. The arrest and search were both upheld. Except that the robbery in the present case occurred three days prior to the radio call received by Officer McQuietor, the facts are strikingly similar to Rodgers v. State, supra.

We do not believe this time difference under the facts and circumstances of this case invalidates the arrest. It is not clear from the record whether Officer McQuietor understood the radio call on the 14th to refer to the robbery on the 11th or to be a new offense. Assuming he understood that the call was about the earlier date, a felony had been committed, the true name and identity of the offender were still unknown at the time of the arrest, and the offender would have escaped had he not been arrested when he was.

Hence, the arrest was legal and the search for weapons was permissible as incident to that arrest.

■ Secondly, the appellant complains of the prosecutor's reference to him as an "outlaw" in the closing argument at the punishment stage. The prosecutor stated:

"There are three types of people. The people who obey the law, like yourself, because it is the right thing to do and the second type, who obey the law because they fear the consequences. The third type is like this man over here who is above the law, below the law, who the law just doesn't apply to. He is an outlaw."

The appellant objected and the court sustained the objection but asked the prosecutor to explain what he meant by an "outlaw." He explained that he meant one who "violates the law." While under the circumstances it is not clear whether the effect of the court's action was to sustain or overrule the objection, no further action was taken by the appellant either to request an instruction to disregard or to renew his objection. See generally Powell v. State, Tex.Cr.App., 475 S.W.2d 934.

Further, since this took place after a determination of guilty by the jury the use of the term "outlaw" as explained by the prosecutor was accurate.

No error is shown. The judgment is affirmed.